UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE HELMS,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA PUBLIC DEFENDERS OFFICE; et al.,<br><br>    / | No. C 12-034 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Gary Lee Helms, an inmate at the Santa Clara County Main Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Helms alleges in his complaint that his public defenders provided ineffective assistance in connection with the criminal case pending against him in Santa Clara County Superior Court, thus violating his constitutional rights. The public defenders allegedly failed to ensure that a *Marsden* hearing transcript was ordered sealed, failed to promptly turn over discovery material once Helms decided to represent himself, and turned over discovery material to the prosecutor. Helms also alleges that two public defenders conspired with the district attorney's office to aid in his prosecution.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Helms cannot sue the public defenders under § 1983 for alleged acts and omissions relating to their representation of Helms during Helms' criminal case. Because a public defender is not considered to be acting under color of state law, one of the essential elements for a claim for relief is missing and a claim is not stated under § 1983.

Action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials. *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984). However, Helms' allegation of a conspiracy in this complaint does not help him because the allegation is conclusory and devoid of any factual support. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

2

Leave to amend will be granted so that Helms may attempt to allege facts showing a conspiracy between his public defenders and the prosecutor. In his amended complaint, Helms also must explain how the alleged conspiracy caused a violation of his constitutional rights. If he contends that the alleged conspiracy caused a violation of any fair trial or due process rights, he also must provide information about the criminal case against him. Specifically, Helms must state: (a) whether he was convicted, acquitted, or remains a pretrial detainee; (b) whether he is now representing himself; and (c) if convicted, whether he was convicted at a trial or upon a guilty plea or nolo contendere plea.

## CONCLUSION

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted and is dismissed with leave to amend. The amended complaint must be filed no later than **June 15, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 16, 2012

_____
SUSAN ILLSTON
United States District Judge